[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPT 20, 2006
THOMAS K. KAHN
CLERK

_____

No. 05-16724
Non-Argument Calendar
_____

D. C. Docket No. 05-00297-CR-T-26-MSS

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

GABRIEL ALFONSO ESCOBAR-RIVERA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(September 20, 2006)**

Before ANDERSON, BLACK and BARKETT, Circuit Judges.

PER CURIAM:

Gabriel Alfonso Escobar-Rivera appeals his 135-month sentence for

possession with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the United States's jurisdiction, in violation of 46 App. U.S.C. §§ 1903(a), (g); 18 U.S.C. § 2; and 21 U.S.C. § 960(b)(1)(B)(ii), and conspiracy to possess with intent to distribute 5 kilograms or more of cocaine while aboard a vessel subject to the United States's jurisdiction, in violation of 46 App. U.S.C. §§ 1903(a), (g), & (j); and 21 U.S.C. § 960(b)(1)(B)(ii). Escobar-Rivera argues that he should have received a minor-role reduction pursuant to U.S.S.G. § 3B1.2.

We have held that a district court's determination of a defendant's role in an offense is a finding of fact, to be reviewed for clear error. United States v. De Varon, 175 F.3d 930, 934 (11th Cir. 1999) (en banc). The guidelines allow a court to decrease a defendant's offense level by two points if the court finds the defendant was a minor participant. U.S.S.G. § 3B1.2(b). A defendant is a minor participant if he "is less culpable than most other participants, but whose role could not be described as minimal." U.S.S.G. § 3B1.2, comment. (n.5).

The party seeking the downward departure bears the burden of establishing that the defendant's role was minor by a preponderance of the evidence. De Varon, 175 F.3d at 939. In determining whether a mitigating role reduction is warranted, a district court examines: (1) the defendant's role against the relevant conduct for which he was held accountable, and (2) the defendant's role in

2

comparison to the other participants. Id. at 940. The first prong assesses the defendant's actual role in comparison to the relevant conduct. Id. The district court may consider any and all facts probative of the defendant's role. Id. at 943. Only if the defendant can establish that he played a minor role in the conduct for which he has already been held accountable, not just a minor role in any larger conspiracy, should the district court grant a downward adjustment for a minor role in the offense. Id. at 944. The second prong compares the defendant's role to the roles played by his co-participants. Id. "The conduct of participants in any larger criminal conspiracy is irrelevant." Id. Notably, "a defendant is not automatically entitled to a minor-role adjustment merely because [he] was somewhat less culpable than the other discernable participants," especially as it is possible that no co-conspirator is a minor participant Id.

Escobar-Rivera pled guilty to possession and conspiracy to possess more than 5 kilograms of cocaine, and admitted to the more than 2,400 kilograms of cocaine transported in the offense when he did not object to the facts in the PSI. See United States v. Shelton, 400 F.3d 1325, 1330 (11th Cir. 2005) (holding defendant admits facts when he does not object to the PSI's factual statements). Escobar-Rivera was held accountable at sentencing for these facts. Based on the close convergence between Escobar-Rivera's conduct and the conduct for which he

was held accountable, he has failed to meet the burden of the first prong. The second prong compares the defendant's role to the roles played by his co-participants. De Varon, 175 F.3d at 944. Escobar-Rivera was one of many crew members, each necessary to run the boat. Because Escobar-Rivera was a crew member, like most of the other co-defendants, he was not less culpable than his co-participants. The district court did not clearly err in determining that Escobar-Rivera did not qualify for a minor-role reduction. Accordingly, its judgment is

**AFFIRMED.**